## In re PREAS.

### No. 4326.

District Court, E. D. Tennessee, at Greeneville.

April 26, 1940.

Geo. M. Dunn and George N. Barnes, both of Johnson City, Tenn., for debtor.

J. H. Winston, W. J. Carter, and J. R. Simmonds, all of Johnson City, Tenn., and A. T. Loyd and Kirkpatrick & Burks, all of Roanoke, Va., for certain creditors.

TAYLOR, District Judge.

This is a proceeding under chapter XII of the Bankruptcy Act as amended, 11 U.S.C.A. § 801 et seq., which relates to real property arrangement of persons other than corporations. The petition was filed under sec. 422 of the Act, 11 U.S.C.A. § 822, on February 3, 1940, being an original petition by the debtor, no bankruptcy petition being at the time or now pending with respect to the same. It was referred to one of the referees in bankruptcy on the same day, the judge of the district being absent from the division. No trustee of the property was appointed and no appraiser or appraisers, the necessity for the same not appearing to the referee. On the same day the referee made an order requiring the debtor to forthwith make and file an amended and supplementary proposal stating more definitely and completely the proposal he offers to his creditors who are affected by the contemplated arrangement. Another order, immaterial here, was made on the same date, and relates to rents and stay of proceedings under the terms of trust conveyances, etc.

On February 6th the referee ordered a first meeting of creditors upon due and proper notice for February 21, 1940, at 10:00 o'clock in the post office building at Johnson City, the residence of the debtor. On said February 21st claims were filed by all or substantially all of the scheduled secured creditors, they alone being affected by the proposal, and motions to dismiss the petition were also filed by them, they having in writing rejected the proposal

made. Thereupon the referee vacated the restraining order theretofore entered on February 3rd respecting the collection or payment of rents, and notified the interested tenants to that effect, and to pay same thereafter to parties designated. On said February 21st the referee further ordered debtor to show cause on March 6th at the same hour and place why he should not be adjudged bankrupt or his petition dismissed as the interests of creditors required. The order also provided for notice to debtor and his scheduled creditors that a hearing would be had at the same time and place as to the course referee should follow under art. 10, sec. 481, subsec. 2 of the Act, 11 U.S.C.A. § 881, subd. 2 (chap. XII).

On the same date a motion on behalf of certain creditors was filed, the status with respect to rent collections was restored as of the date of the filing of the petition and in accordance with agreements with respect thereto and pursuant to the terms, as to some, of the deeds of trust.

On February 26th the debtor filed a paper styled "Proposal of arrangement No. 2". On the same date the referee made an order providing for a hearing on March 8th at the same hour and place as the other meetings where the matter of final disposition of the proposal would be considered. To the end that the debtor and his scheduled creditors might be fully advised, the referee on said date gave advice to them that any proposal or application to confirm a proposal accepted by the requisite creditors filed before the close of the meeting on March 8th would be taken up, as would such other business as might come before the meeting. On March 6th the debtor filed a petition to remove certain trustees named in certain deeds in trust, and the referee declined to act upon same on the ground that he was without authority so to do.

At the meeting on March 8th, in so far as material here, it appeared that the debtor had no acceptance of his second proposal, or at least not the requisite number to make application for a confirmation, and an application was made for further time within which to negotiate with his creditors. It appeared from statements of counsel that in order to secure the requisite approval of any proposal it would be necessary to have some of the creditors, for whom Kirkpatrick & Burks were trustees under the deeds in trust, and such creditors represented at the meeting stated in open court that they would accept no proposal short of a full and complete payment of their indebtedness under the terms of the trust agreements.

The meeting was adjourned during the noon hour with the suggestion by the referee that the attorneys representing the interested parties confer and see if there could be found any common meeting ground. When the meeting was re-convened it appearing to the referee that an adjournment to a later date did not give promise of working out any compromise, the question whether the debtor should be adjudged a bankrupt or whether the petition should be dismissed was considered, the referee reaching the conclusion that it was to the interest of the creditors to dismiss the petition and not adjudge the debtor a bankrupt, which was accordingly done with leave to the debtor to within ten days file a petition for review, which was done, and the matter is before me to review the referee's action in (a) declining to remove the trustees, and (b) dismissing the petition in the face of an application for extension of time within which to negotiate.

The matter was set down for argument, and at the hearing it appeared to be the insistence of the attorneys for the debtor that certain beneficially interested creditors were being influenced or misrepresented by certain trustees. It was contended that if the trustees were removed there would be hope at least of procuring an acceptance of the requisite creditors to permit confirmation. It was further contended by the debtor, through his attorneys, that it was the intent of chap. XII to permit a debtor to retain possession of his property despite deeds in trust, and to collect or have collected through a trustee the rents and profits so as to aid him in procuring a coercive acceptance of a proposal; that there was an analogy between the provisions of chap. XII and those of sec. 75, sub. s, 11 U.S.C.A. § 203, sub. s, which latter provision permits distressed farmers to retain possession of liened property, under control of the court, upon the payment into court for the benefit of creditors of a fair rental value of such liened property.

The provisions of section 75, sub. s, are plain with respect to the rights of distressed farmers since the decision of the Supreme Court explaining the non-applicability of the good faith provisions therein. There is no such mandate in chap. XII, and it appears to be the plain

duty of the referee, in the exercise of a sound discretion, in circumstances such as here presented, to either adjudge the debtor a bankrupt or dismiss the proceeding, whichever course appears to be in the interest of creditors.

Under the record before me there is no doubt as to the proper exercise of this discretion by the referee. At the hearing and on the record it appears that the arrangement proposed by the debtor relates only to secured creditors, and that the debtor is in possession of property other than that liened to secure the creditors affected by his proposal.

Another contention of the debtor by his attorneys was to the effect that the referee erred in failing to appoint appraisers, it apparently being the idea of the debtor that such an appraisal would have a coercive effect upon belligerent secured creditors. This contention is without merit, the referee particularly having held that both the debtor and the involved secured creditors were entirely familiar with the value of the property, and the expense incident to appraisers would have been a futile expenditure.

As to a removal of the trustees it is perfectly clear, in my opinion, that the referee was without jurisdiction to summarily remove them, and the petition filed in this case presents no bankruptcy question or question within the equitable jurisdiction of the district court.

The referee's order dismissing the petition being, in my opinion, correct, is in all things confirmed.

The court reserves for further consideration upon proper petition the question of allowable compensation and fees in the matter.